IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02054-MSK-KMT

LENOX-MACLAREN SURGICAL CORPORATION,

        Plaintiff,

v.

MEDTRONIC SOFAMOR DANEK USA, INC.,

        Defendant.

**OPINION AND ORDER ADOPTING RECOMMENDATION AND GRANTING
MOTION TO COMPEL ARBITRATION**

        **THIS MATTER** comes before the Court pursuant to the April 18, 2008 Recommendation **(# 41)** of United States Magistrate Judge Kathleen M. Tafoya that the Defendants' Motion to Stay and to Compel Arbitration **(# 11)** be granted.

        The Plaintiff commenced this action alleging various statutory and common-law claims, including patent infringement and violation of the Colorado Consumer Protection Act. The Defendant moved to stay the lawsuit and compel arbitration **(# 11)** under 9 U.S.C. § 3 and 4, pursuant to an arbitration agreement between the parties. This Court referred **(# 18)** the Defendant's motion to the Magistrate Judge. On April 18, 2008, Magistrate Judge Tafoya issued the instant Recommendation **(# 41)**, finding that the claims were arbitrable and recommending that the Court stay the action and compel the parties to arbitrate.

        The Plaintiff did not file Objections to the Recommendation as contemplated by Fed. R. Civ. P. 72(b). Rather, the Plaintiff filed a "Notice" regarding the Recommendation, stating that

1

"the Parties have reached an agreement wherein [the Plaintiff] will agree not to submit written objections to the Recommendation, and in exchange, Defendant will agree to attend mediation." The parties further agreed that the mediation would satisfy a condition precedent to arbitration under the terms of their agreement to arbitrate. The Notice did not expressly stated that the parties also intended to proceed to arbitration, but implied as much, stating that "[the Plaintiff] reserves the right to object to any confirmation of an arbitration award, including objecting on the grounds that the claims were not subject to arbitration." As a result, the Plaintiff stated that it "will not submit written objections to the Recommendation."

Where no party files objections to a Recommendation under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). This Court has reviewed the recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

Upon *de novo* review, the Court agrees with the majority of the reasoning and the entirety of the conclusion of Magistrate Judge Tafoya. Accordingly, the Court **ADOPTS** the Recommendation **(# 41)**. The Defendant's Motion to Stay Action and to Compel Arbitration **(# 11)** is **GRANTED**.[1] The parties shall proceed to arbitrate this dispute under the terms of the agreement(s) between them. Pursuant to 9 U.S.C. § 3, this action is **STAYED** pending the

---

[1] The Court does not opine as to whether the parties' agreement as reflected in the Notice is sufficient to preserve the Plaintiff's arguments as to non-arbitrability over its failure to object to the Magistrate Judge's substantive findings, adopted by this Court. *See generally Jones v. Salt Lake County*, 503 F.3d 1147, 1152 (10th Cir. 2007) (describing "firm waiver" rule prohibiting future challenge to un-objected to findings).

parties' arbitration. For administrative purposes, the Clerk of the Court shall mark this case as closed, subject to a motion to reopen by any party seeking the issuance of orders necessary to carry out the directives herein.

    Dated this 13th day of August, 2008

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge