IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02054-MSK-KMT

LENOX-MACLAREN SURGICAL CORPORATION,

 Plaintiff,

v.

MEDTRONIC SOFAMOR DANEK USA, INC.,

 Defendant.

## ORDER

 This matter is before the court on Medtronic Sofamor Danek USA, Inc.'s ("Medtronic")

"Motion to Deposit Documents in Court Registry and Alternative Motion to Obtain Relief from

Protective Order to Maintain the Status Quo" ("Motion") [Doc. No. 66, filed September 21,

2010]. Medtronic requests

> that the Court allow it to deposit Lenox's "Confidential" and "Attorneys' Eyes
> Only" Material with the Clerk of the Court, pending the resolution of Lenox II.[1]
> In the alternative, MSD USA asks that this Court suspend the destruction of the

---

[1] Reference to case number 10-cv-02139-RPM, *Lenox MacLaren Surgical Corporation v. Medtronic, Inc., Medtronic Sofamor Danek, Inc., Medtronic PS Medical, Incorporated, and Medtronic Sofamor Danek Co., Ltd.*

      documents in MSD USA's possession, as required by the Protective Order, until resolution of Lenox II.

*Id*. at 3.

Plaintiff Lenox-MacLaren Surgical Corporation ("LM") filed its "Response to Motion to Deposit Documents in Court Registry and Alternative Motion to Obtain Relief from Protective Order to Maintain the Status Quo" [Doc. No. 69] on September 30, 2010, and Medtronic filed a Reply [Doc. No. 71] on October 26, 2010. The court notes that in its Reply Medtronic requests relief additional to that requested in the Motion, asking this court to "requir[e] Lenox to deposit MSD USA's 'Confidential' and 'Attorneys' Eyes Only' documents with the Court, and requir[e] the [sic] Lenox to refrain from future violations of the Stipulated Protective Order." [*Id*. at 3-4.] The court originally set the matter for hearing on November 10, 2010 but later re-set the hearing for November 30, 2010 at 1:30 p.m. For the reasons set forth herein, Medtronic's Motion is denied and the hearing is vacated.

Although this case took several years to reach final disposition in June 2010, the vast majority of the case was conducted without court supervision or participation. Following the October 1, 2007 filing of the original Complaint and Jury Demand by LM, Medtronic, on December 5, 2007, filed a motion to stay the lawsuit and to compel arbitration. [Doc. No. 11.] On April 18, 2008, this court issued its recommendation to the District Court that Medtronic's motion to stay discovery and compel arbitration be granted. [Doc. No. 41.] LM declared its decision not to object to the Magistrate Judge's recommendation on May 2, 2008 [Doc. No. 42] stating, "[t]he Parties have reached an agreement, wherein LM will agree not to submit written

objections to the Recommendation, and in exchange Defendant will agree to attend mediation in Denver, Colorado within the next 90 days, pending the selection of one mutually acceptable mediator." As a result, previously scheduled settlement conferences and status conferences were vacated. [*See* Doc. Nos. 45 and 48.] On August 13, 2008, having received no Order adopting this court's recommendation, the parties jointly moved to extend the discovery deadlines previously set in the case [Doc. No. 49]; on the same day the District Court adopted the Magistrate Judge's Report and Recommendations and stayed the case pending the parties' arbitration and directing the case be administratively closed. [Doc. No. 50.]

There were no further activities of consequence entered on the court's docket until May 13, 2010, when Medtronic, without objection from LM, requested that the Court reopen the case "to allow the parties to complete an arbitration" noting that an "arbitration panel issued a decision on March 18, 2010." [Doc. No. 59 at 1.] The motion was granted on May 14, 2010 and the Motion to Dismiss with prejudice was filed on May 19, 2010. The District Court granted the dismissal with prejudice and closed the case on June 21, 2010. [Doc. No. 64.]

Clearly, no discovery was undertaken as part of this case except for entry of the original scheduling order. From December 2007, Medtronic, the proponent of the instant motion, successfully blocked the conduct of discovery as part of the federal case and persuaded the court to limit the resolution of the matter to mediation and/or arbitration. Upon Plaintiff LM's abandonment of its right to object to the recommendation of the Magistrate Judge on May 2, 2008, the court was no longer involved in the litigation discovery process, notwithstanding that

the District Court did not actually adopt and approve the Recommendation of the Magistrate Judge until August 2008.

As part of the mediation/arbitration process, the parties agreed among and between themselves to protect and handle confidential documents in a prescribed manner. [*See* "Stipulated Protective Order," Exhibit 1 to the Motion, Doc. No. 66-1.] The agreement was signed by Plaintiff on June 4, 2008, and by Defendant on June 17, 2008. [*Id*. at 16.] Although the parties chose to entitle their agreement a "Protective 'Order'" it was never filed with the court and never received court approval or sanction.

Further, the documents and matters which the agreement controlled were obtained outside the purview of the court and outside the context of the court litigation. Although the parties agreed that "the Court, if applicable, shall retain continuing jurisdiction over all such Parties to enforce the terms of this Stipulated Protective Order" [*id*. at ¶ 22], the court never agreed to undertake such expansive, extra-judicial jurisdiction. Unlike the stipulated protective order which was actually entered by the court in *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990), Exhibit 1 is and remains solely and exclusively a private agreement between two entities, entered into in order to facilitate a mediation/arbitration and not as part of discovery undertaken pursuant to the Federal Rules of Civil Procedure in a federal court action.

"[A]s a sheer matter of power the court has authority to alter the terms of [and enforce] a protective order it has entered . . . ." *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1271 (10th Cir., 2010) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus,

FEDERAL PRACTICE & PROCEDURE § 2044. 1, at 575-76 (2d ed. 1994).  Here, however, there was no protective order entered by the court and, therefore, this court lacks jurisdiction to modify or enforce the agreement apparently signed by the parties in extra-judicial proceedings to control document production in the separate proceedings.

Further, Medtronic's primary allegation now appears to be that LM is improperly using documents obtained pursuant to the parties' confidentiality agreement to advance its cause in case number 10-cv-02139-RPM.  In that case the Medtronics Defendants have filed a Motion to Dismiss [Doc. No. 5], requesting that Senior Judge Richard P. Matsch dismiss the action on the grounds of res judicata/claim preclusion, among others, based upon this case and the resulting arbitration.  It is axiomatic that Judge Matsch is well-aware of the Defendants' position that the two cases are intertwined. [*See also* Doc. No. 6, "Defendants' Request That the Court Take Judicial Notice of Certain Pleadings and Orders from a Related Case;" Doc. No. 7, "Notice of Related Case;" Doc. No. 12, "Lenox Maclaren Surgical Corporation's Request that the Court Take Judicial Notice;" and Doc. No. 14, "Medtronic, Inc.'s, Medtronic Sofamor Danek, Inc.'s and Medtronic PS Medical, Inc.'s Second Request that the Court Take Judicial Notice of Certain Pleadings from a Related Case and U.S. Patents," all filed in Case No. 10-cv-02139-RPM.]  To the extent there is an allegation that LM is using documents in the 2010 case which were retained in violation of the parties' private agreement, the issue must be addressed in the context of that case.

Wherefore, it is

**ORDERED**

Medtronic Sofamor Danek USA, Inc.'s "Motion to Deposit Documents in Court Registry and Alternative Motion to Obtain Relief from Protective Order to Maintain the Status Quo" [Doc. No. 66] is **DENIED**.

Dated this 29th day of November, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge